Natalia ZOKOTA, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 05–72247.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 20, 2007 *.

Filed Feb. 26, 2007.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Natalia Zokota, Valencia, CA, pro se.

Boris Baladjanian, Valencia, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Christina Bechak Parascandola, Esq., DOJ–U.S. Department of Justice Environmental & Natural Resources Div., Washington, DC, for Respondent.

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

## MEMORANDUM **

Natalia Zokota, a native and citizen of Ukraine, petitions for review of the Board of Immigration Appeals' ("BIA") order affirming an Immigration Judge's ("IJ") decision denying her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252 and we review for substantial evidence. *See Li v. Ashcroft,* 378 F.3d 959, 962 (9th Cir.2004). We deny the petition for review.

The IJ concluded that Zokota was not credible due to inconsistencies within her testimony, discrepancies between her testimony and documentary evidence regarding her entry into the United States, and her failure to produce corroborating evidence. On appeal to the BIA, Zokota challenged only the finding regarding her entry into the United States. Newly-raised challenges to other portions of the IJ's decision have not been exhausted and are not properly before this court. *See Vargas v. U.S. Dept. of Immigration and Naturalization,* 831 F.2d 906, 907–08 (9th Cir.1987) ("Failure to raise an issue in an appeal to the BIA constitutes a failure to exhaust remedies with respect to that question and deprives this court of jurisdiction to hear the matter.") (citations omitted).

The IJ's finding that Zokota entered this country with a Ukrainian passport is supported by substantial evidence. *See Ceballos–Castillo v. INS,* 904 F.2d 519, 520 (9th Cir.1990) (inconsistencies between testimony and other evidence support an

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

adverse credibility finding). The inconsistencies about Zokota's entry into the Unites States go to the heart of her asylum claim, in which she contended that the Ukrainian government persecuted her and refused to issue her a passport because of her mixed national identity. *See Li,* 378 F.3d at 962.

■ In the absence of credible evidence, Zokota has failed to show eligibility for asylum or withholding. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003). Because her claim under the CAT is based on the same facts that the IJ found to be not credible, and she points to no other evidence that the IJ should have considered, she has failed to establish eligibility for relief under the CAT. *See id.* at 1157.

**PETITION FOR REVIEW DENIED.**